UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILLIP PATINO,

    Plaintiff,

  v.

MINH-DUC PHAM, et al.,

    Defendants.

Case No.: 1:26-cv-03481-EGC (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

(Doc. 2)

<u>14-Day Objection Period</u>

Clerk of the Court to Assign District Judge

Plaintiff Phillip Patino, a civil detainee, is appearing pro se in this civil rights action.

**I. INTRODUCTION**

On May 4, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP) in the United States District Court for the Northern District of California. (Docs. 1 & 2.) Thereafter, the action was transferred to this district. (Doc. 4.)

Following review of Plaintiff's IFP application, the undersigned will recommend denying the application because Plaintiff has sufficient funds to pay the full filing fee for this action.

**II. DISCUSSION**

The Court normally requires a $405 filing fee for a civil action. In reviewing an application to proceed IFP for a civil detainee, the court looks to whether the plaintiff has submitted an affidavit that shows he "is unable to pay [the filing fee] or give security therefore."

28 U.S.C. § 1915(a)(1). A court may deny an application to proceed IFP if "the allegation of poverty is untrue." *Id*. § 1915(e)(2)(A). An application to proceed IFP is sufficient when it shows "that one cannot because of his poverty pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In determining whether a plaintiff meets the poverty threshold to qualify for IFP status, courts generally distinguish between "prisoners, [who] have limited overhead," and non-incarcerated plaintiffs "who must pay for the roof over [their] head[s] and the food on [their] table[s] or go without shelter and sustenance." *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

Here, Plaintiff's IFP application indicates he is employed at Coalinga State Hospital earning $290 per month. (Doc. 2 at 1.) Within the past twelve months, Plaintiff declares he has not received any money from the following sources: business, profession, or self-employment; income from stocks, bonds, or royalties; rent payments; pensions, annuities, or life insurance payments; federal or state welfare payments, Social Security or other government benefits. (*Id*. at 2.) He is not married and has no dependents to support. (*Id*. at 2-3.) Plaintiff does not own a home or a vehicle. (*Id*. at 3.) He declares he does not own any cash, has no other assets, and has no monthly expenses. (*Id*.) Significantly, Plaintiff declares he has a bank account at Ally Bank. (*Id*.) More specifically, Plaintiff declares "[p]resent balance(s)" of "$ 388.24, $1,230.18, $1,217.88," for a total of $2,836.30. (*Id*.)

Plaintiff is a civil detainee whose basic needs are provided for by the state. As a result, his circumstances are akin to that of a prisoner, and his possession of even modest assets may preclude IFP status. *See Hill v. Agonone*, No. 2:22-cv-01845-JDP (PC), 2023 WL 2394096, at *1 (E.D. Cal. Feb. 22, 2023) (recommending IFP be denied and citing *Hill v. Martini*, No. 2:22-cv-01603-KJM-AC (P), 2022 WL 17488310, at *2 (E.D. Cal. Dec. 7, 2022) ("For a civil detainee like plaintiff, who also has 'limited overhead' by reason of his civil detention, the *Escobedo* decision might suggest a different calculation [from a non-incarcerated plaintiff]"), recommendation adopted, 2023 WL 3379307 (E.D. Cal. May 11, 2023).

Moreover, Plaintiff's IFP application reveals he has sufficient funds to pay the full $405 filing fee for this action. *See Thomas v. Okwanoko*, No. 1:23-cv-00027-EPG (PC), 2023 WL 3571144, at *1 (E.D. Cal. Apr. 27, 2023) (recommending IFP be denied because the prisoner "received more than enough funds to pay the filing fee prior to filing this case"), recommendation adopted, 2023 WL 4305451 (E.D. Cal. June 30, 2023); *Hill*, 2023 WL 2394096, at *1 (recommending IFP be denied and noting plaintiff's trust account balance was $4,656); *Hill v. Torres*, No. 2:22-cv-00970-KJM-EFB (PC), 2022 WL 3579698, at *1 (E.D. Cal. Aug. 19, 2022) (denying plaintiff civil detainee's application to proceed IFP because his trust account balance of $3,818.37 contradicted his allegations of poverty); *Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021) (finding prior balance of $1,000.00, despite being decreased to $470.00 shortly before filing action sufficient to pay filing fee), recommendation adopted, 2021 WL 2948808 (E.D. Cal. July 14, 2021).

In sum, this Court concludes Plaintiff is not entitled to proceed IFP because his basic needs are met by the state and he presently has sufficient funds with which to pay the full filing fee for this action. Therefore, the Court will recommend Plaintiff's IFP application be denied and that he be ordered to pay the $405 filing fee for this action within 30 days.

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court directs the Clerk of the Court to randomly assign a district judge to this action.

Further, for the foregoing reasons, the Court **HEREBY RECOMMENDS** that:

1.   Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action; and

2.   Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**

3

without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

IT IS SO ORDERED.

Dated:   **May 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE